

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -3  PM 1:51

LORETTA G. WHYTE
       CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL OGUNBOR** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-1474** |
| **MIKE JOHANNS, SECRETARY,**<br>**U.S. DEPARTMENT OF AGRICULTURE, ET AL.** | **SECTION: "A" (4)** |

### PARTIAL REPORT AND RECOMMENDATION

On July 25, 2005, the defendants James Julian, Donald Lewis, Jerry Lohfink, Cheri Alsobrook, Michael Zeringue, and Mike Johanns, as Secretary of the United States Department of Agriculture, (collectively the "Defendants") filed this **Partial Motion to Dismiss (doc. #24)** seeking dismissal of Julian, Lewis, Lohfink, Alsobrook, and Zeringue because they are not proper parties. They also seek to dismiss Ogunbor's state law claim of intentional infliction of emotional distress, all claims arising under the Louisiana Employment Discrimination Statute, and her punitive damages claim . Finally, they seek to dismiss any claims that Ogunbor may state under 42 U.S.C. §§ 1983 or 1985.

This motion was referred to the undersigned United States Magistrate Judge pursuant to 42 U.S.C. 636(b) and Local Rule 73.2E to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition.

Ogubnor filed an opposition motion; however the opposition memo was untimely and

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

therefore not considered in this Report and Recommendation.[1]

I. **Background**

The plaintiff, Cheryl Ogunbor, is employed by the United States Department of Agriculture's (USDA) National Finance Center (the "NFC") in New Orleans, Louisiana. She sued her employer, supervisor, and other employees arguing that they violated (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, (2) the Louisiana Employment Discrimination Law, and (3) caused intentional infliction of emotional distress during her employment at the NFC. She further alleges that the Defendants, in both their personal and official capacity, conspired to deprive her of her constitutional rights and denied her due process. Ogunbor seeks compensatory and punitive damages, attorney fees, and past and future medical expenses.

Ogunbor, an African-American, alleges that her supervisor, co-workers, and other branch staff members directed disparaging, defamatory remarks, and ethnic comments towards her. One remark was that "her husband must be a 'drug dealer.'" (Pl. Am. Compl., 2).[2]

Ogunbor also alleges that the Defendants conspired to deprive her of a discrimination free workplace and that her complaints were covered up. She further alleges that the NFC implements its diversity plan in a way that adversely impacts African Americans such that they are under-represented in each job section at the NFC.

In response, the Defendants seek partial dismissal of the complaint alleging that because (1) any claims she states under Louisiana's employment discrimination statute, the state tort of intentional infliction of emotional distress, and under 42 U.S.C. §§ 1983 and 1985, are preempted

---

[1] The hearing on this matter was set for August 10, 2005. Ogunbor did not file her opposition to the motion until August 16, 2005, six days after the motion hearing date, and under L.R.7.5, fourteen days past the date the submission was due.

[2] The amended complaint does not address separate allegations against each defendant.

by Title VII, (2) any claims against Julian, Lewis, Lohfink, Alsobrook, and Zeringue should be dismissed because they are not proper parties, and (3) her claims for punitive damages should be dismissed because punitive damages are not recoverable against a governmental entity.

## II. Rule 12(b)(6) Motion to Dismiss

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on "the failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). However, Rule 12(b)(6) motions are viewed with disfavor and rarely granted. *See Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). When the Court considers a motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

For the Court to grant this motion to dismiss, it must appear "beyond a doubt" that Ogunbor "can prove no set of facts in support of" her claim entitling her to relief. *Conley v. Gibson* 355 U.S. 41, 45-46 (1957); *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002). Therefore, "[t]he question . . . is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Collins,* at 498.

## III. Analysis

### A. Preemption

#### 1. §1985

Here there is no dispute that Ogunbor is a federal employee and is therefore protected under Title VII. She alleges that "the defendants, all of them, have conspired to deny her constitutional and legislative rights." This allegation may sufficiently state a claim under 42 U.S.C. § 1985 which states that if "two or more persons . . . conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the

3

laws . . . the party so injured or deprived may have an action for the recover of damages . . . ."

However, Title VII "provides the exclusive remedy for employment discrimination claims raised by a federal employee." *Jackson v. Widnall*, 99 F.3d 710, 715 (5th Cir. 1996). The Supreme Court, in holding that a federal employee cannot state a claim under both Title VII and §1985 noted that allowing a litigant to sue under §1985 would "grossly alter" the administrative and damage limitations found in Title VII. *Great Am. Fed. Savings and Loan Ass'n v. Novotny*, 442 U.S. 366, 375 (1979). Therefore, Ogunbor's § 1985 claim is subject to dismissal.

2.   **§1983**

Ogunbor also attempts to assert her claims against the defendants in their individual and official capacity and allege denial of due process and other constitutional violations. Since employees under Title VII are sued in their official capacity, she seemingly attempts to assert a claim pursuant to 42 U.S.C. § 1983, violation of her civil rights. However, the Fifth Circuit has noted that the rights created by Title VII cannot be "asserted within the remedial framework of section 1983" because Title VII contains its own remedial scheme providing relief. *Irby v. Sullivan*, 737 F.2d 1418, 1428 (5th Cir. 1984). Therefore, Ogunbor's claims filed pursuant to §§1983 or 1985 should be dismissed.

3.   **State Law Claims**

Ogunbor also seeks relief under two state causes of action; (1) intentional infliction of emotional distress, and (2) Louisiana's Employment Discrimination Law. However, as noted above, the Supreme Court concluded that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. GSA*, 425 U.S. 820, 834 (1976).

This Circuit has indicated that in order to survive a motion to dismiss because Title VII preempts all discrimination claims for a federal employee, a plaintiff must "plead claims sufficiently

distinct from the employment context to escape the" exclusivity and preemption articulated by the Supreme Court in *Brown*. *Irwin v. Veterans. Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).

In *Pfau v. Reed*, the court noted that "when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid preemption.'" 125 F.3d 927, 932 (5th Cir. 1997), *vacated and remanded on other grounds*, 525 U.S. 801, *pertinent holding reinstated*, 167 F.3d 228, 229 (5th Cir. 1999) (quoting *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992)). After analyzing the plaintiff's claims, the *Pfau* Court dismissed the plaintiff's intentional infliction of emotional distress claim. *See also Duhe v. United States Postal Ser.*, No. CIV.A.03-746, at *17 (dismissing federal employees claim of intentional infliction of emotional distress as preempted under Title VII). Clearly, alleging a state law claim of *employment discrimination* "is not sufficiently distinct from the employment context" to escape the reach of *Brown*.

After carefully examining the amended complaint, the Court concludes that all of Ogunbor's allegations in the complaint arise out of the same facts as her employment discrimination claim. The first supplemental complaint alleges "discrimination on the bases [sic] of race (African-American), reprisal (prior EEO activity), and the creation of a hostile working environment when . . . respondents undertook numerous instances of harassment and racial discrimination . . . ." Further, the complaint alleges that the "agency's and other defendants' actions constitute longstanding and separate acts of discrimination and/or conspiracy to discriminate . . . ." It is as a result of these actions that Ogunbor seeks emotional distress damages.

Ogunbor, therefore, failed to plead claims sufficiently distinct from the employment context in order to escape the reach of *Brown*. All of the claims in her complaint relate to her Title VII employment discrimination claim. Therefore because Ogunbor's claims of discrimination under

state law and intentional infliction emotional distress are barred, the Court recommends they be dismissed.

### B.     The Secretary of the Department is the Only Proper Defendant

The Defendants also seek dismissal of the claims against Julian, Lewis, Lohfink, Alsobrook, and Zeringue because they are employees of the agency and not the agency head. They contend that in an action based on discrimination in federal employment, only the agency head, here, Mike Johanns, Secretary of the Department of Agriculture, can be sued in his official capacity.

Title 42 U.S.C. § 2000(e)(16)(c) provides that "an employee . . . if aggrieved by the final disposition of his complaint [with the Equal Employment Opportunity Commission] may file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate shall be the defendant." Further, Courts construe §2000(e)(16)(c) as allowing a plaintiff to sue *only* the head of the department in a Title VII action.

For example, in *Hall v. Small Business Administration*, the Court dismissed a cause of action against the district director and the regional director allowing the plaintiff to sue only the Secretary of the Agency. 695 F.2d 175, 180 (5th Cir. 1983). In *Hall*, the Court specifically noted that "[t]here is patently no cause of action against the SBA, its regional director, or its district director [as] . . . § 2000e-16(c) . . . specifically provides that in any Title VII action against the federal government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.' The Administrator of the SBA is the head of that agency. Only the Administrator was a proper defendant."

Here, Ogunbor, after properly seeking relief through the EEO, brought this civil action against the Secretary of the USDA and other employees of the Department. However, all named defendants but Johanns are employees of the USDA, not the agency head. Lohfink is the director

6

of the NFC, Zeringue is Ogunbor's supervisor at the NFC, Julian is also a supervisor at the NFC, Alsobrook is an employee of the NFC, and Lewis is the EEO Officer for the NFC. Because section 2000(e)(16)(c) mandates that an aggrieved employee can only name the head of the government agency as the defendant in this civil case, the Court recommends dismissing all other defendants as Johanns is the only proper defendant.

### C. Punitive Damages

Ogunbor seeks punitive damages for the Department's foot dragging and conspiratorial disregard for her rights. The Defendants allege, however, that Ogunbor cannot state a claim for punitive damages against the United States in this Title VII action and therefore seek dismissal of her punitive damages claim.

Title VII, through the procedural vehicle of 42 U.S.C. 1981a, affords a plaintiff in an intentional discrimination case the recovery of both punitive and compensatory damages. *See* 42 U.S.C. 1981a(a). However, this section is subject to the restrictions set forth in §1981a(b)(1), namely that a party may recover punitive damages "against a respondent (other than a government, government agency, or political subdivision) . . . ." The plain language of the statute, "precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions." *Oden v. Oktibbeha County, Miss*, 246 F.3d 458, 465-466 (5th Cir. 2001). Courts have concluded that when Congress enacted §1981a, it specifically "exempted all government agencies from the Act's damage provision, with no articulated exceptions." *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997).

Here, the only remaining defendant in this case is the Secretary of Agriculture sued in his official capacity as head of a government agency. The Secretary is therefore a governmental entity,

and because "Congress has clearly provided that punitive damages are not available from a governmental entity under Title VII," Ogunbor cannot properly state a claim for punitive damages against the Secretary. *Chaney v. New Orleans Public Facility Management, Inc.*, No. 96 Civ.A. 4023, 1997 WL 685351, at *2 (E.D.La. Nov. 4, 1997). Therefore, punitive damages are not recoverable against the Secretary and Ogunbor's claim for punitive damages should be dismissed.

## IV.  Recommendation

It is therefore **RECOMMENDED** that the Defendants' **Partial Motion to Dismiss (doc. #24)** be **GRANTED** and

(1) Defendants James Julian, Donald Lewis, Jerry Lohfink, Cheri Alsobrook, and Michael Zeringue be **DISMISSED,** and
(2) Ogunbor's intentional infliction of emotional distress claim, any claims arising under the Louisiana Employment Discrimination Act, her punitive damage claim, and any claim she may state under 42 U.S.C. §1983, and 42 U.S.C. § 1985 be **DISMISSED**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of February, 2006

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE